UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-80203-Cr.-RYSKAMP

UNITED STATES OF AMERICA,

vs.

SEAN LEON DEBIASE,

Defendant.
_____/

## PLEA AGREEMENT

The United States of America and SEAN LEON DEBIASE (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count one and three of the indictment. Count one of the indictment charges the defendant with conspiracy to import into the United States from a place outside thereof, a controlled substance, in violation of 21 U.S.C. § 960(b)(2)(G) and 963. Count three of the indictment charges the defendant with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(b)(1)(B)(vii) and 846.

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that,

under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that as to Counts one and three the court must impose a mandatory minimum term of imprisonment of at least 5 years and may impose a statutory maximum term of imprisonment of up to 40 years for each count, followed by a term of supervised release of at least 4 years and up to life for each count. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $2,000,000 for each count.

4. The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant for each count. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

## FACTUAL BASIS

5. If the case went to trial, the United States would prove, beyond a reasonable doubt, the following facts, as well as others:

On November 16, 2011, at approximately 1517 hours, a Boynton Beach Police Department Marine unit observed Sean Leon DEBIASE and Chet HIRSHFIELD in a vessel underway northbound in the Intracoastal Waterway headed towards the Boynton Beach Municipal Boat Ramps.

DEBIASE and HIRSHFIELD secured the vessel at the docks adjacent to the ramps. The uniformed Boynton Beach Marine Officers approached and engaged DEBIASE and HIRSHFIELD in a discussion. Upon the officers' request, DEBIASE and HIRSHFIELD each produced a Florida driver's license. After obtaining verbal consent to board the vessel, the officers instructed DEBIASE and HIRSHFIELD to get off the vessel and stand off to the side. After exiting the vessel, DEBIASE and HIRSHFIELD fled on foot in a westbound direction through the parking lot.

A search of the vessel led to the discovery and seizure of over 1,200 pounds of marijuana that was concealed within the center console and forward below deck compartments of the vessel. DEBIASE and HIRSHFIELD had picked the marijuana up in the Bahamas and transported it back to the United States with the intent to deliver it to people in the United States to be distributed. DEBIASE and HIRSHFIELD were expecting to be paid a sum of money for transporting the marijuana into the United States from the Bahamas.

6. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one

level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise,

is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his/her plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings unless contained in a letter from the United States Attorney's Office executed by all parties and counsel prior to the change of plea.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 2/17/12                By: _____
                             LOTHROP MORRIS
                             ASSISTANT UNITED STATES ATTORNEY

Date: 2/8/12                 By: _____
                             ROBERT ADLER
                             ATTORNEY FOR DEFENDANT

Date: Feb. 8, 2012           By: _____
                             SEAN LEON DEBIASE
                             DEFENDANT